FURMAN *v.* TAYLOR *et al.*

*(Supreme Court, General Term, Second Department.* December 14, 1891.)

COUNTIES—VALIDITY OF CONTRACT—EXECUTION BY MAJORITY OF BOARD.

    4 Rev. St. (8th Ed.) p. 2726, § 27, provides that whenever power to perform an act
is confided to three or more persons or officers the same "may be exercised and per-
formed by a majority of such persons or officers upon a meeting of all the persons
or officers so intrusted or empowered," etc. *Held,* where a board of highway com-
missioners consisted of three, that the court properly instructed the jury that it
was not necessary that they should meet at a regular or special meeting to bring
a contract made by two of them, the other being present, within the statute, and

that, if at an informal meeting of the three in the course of conversation on the subject of a proposed contract two of them concurred, that would be sufficient to make a good contract.

Appeal from Rockland county court.

Action by Elmer E. Furman against J. Myers Taylor and others, commissioners of highways of the town of Ramapo. From a judgment for plaintiff, defendants appeal. Affirmed.

4 Rev. St. (8th Ed.) p. 2726, § 27, provides that "whenever any power, authority, or duty is confided by law to three or more persons, and whenever three or more persons or officers are authorized or required by law to perform any act, such act may be done, and such power, authority, or duty may be exercised and performed, by a majority of such persons or officers upon a meeting of all the persons or officers so intrusted or empowered, unless special provision is otherwise made; and whenever a duty has been or shall be enjoined by law upon three or more persons or officers, and one or more of them shall have died, or have become mentally incapacitated to act, or shall refuse or neglect to attend a meeting of such persons upon reasonable personal notice thereof, then the action of a majority of the whole number appointed shall be binding and effective for all the purposes for which they were appointed, unless special provision is otherwise made in existing laws."

Argued before BARNARD, P. J., and DYKMAN and PRATT, JJ.

*Greene & Bedell*, for appellants. *Arthur S. Tompkins*, for respondent.

DYKMAN, J. The defendants in this action are the commissioners of highways of the town of Ramapo, in Rockland county, and this action is brought against them for work done on the roads in their town. The claim of the plaintiff was sufficiently established upon the trial, and there seemed to be but little dispute in respect to it. The chief defense rested upon the denial of the employment of the persons who performed the services upon which this action is based. There was some evidence to show an employment to perform the work on the roads by the commissioners when they were together, and, as we understand the charge of the county judge, that question was submitted to the jury for determination. The charge is not given in full, but it appears that the counsel for the defendant requested the judge to charge that, before the jury can find a verdict for the plaintiff, they must find from the evidence that the defendant Earl employed these men by the authority of the other two commissioners of highways, or by a majority of them, and the judge so charged. Again, the counsel for the defendant said: "I except to that part of your honor's charge that says that ' it is not essential for all three of the commissioners to meet together to make a contract.' *The Court.* "I don't know as I charged that it would not be necessary for all three of them to meet to make a contract. I said that it was not necessary that they should meet at a regular or special meeting; it would be sufficient to have all three men to examine together on the subject of the employment, and if, in the course of conversation on the subject, two concurred, that would be sufficient to employ or to make a good contract; and I now state that to the jury." That charge furnished the jury with the rule of law applicable to the case, and under it the jury found for the plaintiff, and thus found an employment within the law. The other exceptions to the charge and refusals to charge present no error, and the judgment and order denying the motion for a new trial on the minutes should be affirmed, with costs. All concur.